

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
01/28/2010

| | | |
|---|---|---|
| IN RE: | § | |
| MARTIN A POOL, CATHY M POOL | § | CASE NO: 08-10717 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION FOR TURNOVER

On this day came on for consideration the Motion for Turnover of Estate Property filed by the Trustee, Michael B. Schmidt (the "Trustee"). The Court, having heard the evidence and arguments of counsel, finds that the Motion should be denied.

### BACKGROUND

Martin A. and Cathy M. Pool (the "Debtors") filed their Chapter 7 bankruptcy petition on December 30, 2008. Debtors did not list their interest in a corporation known as Cathy Pool Realty, Inc. on their schedules. Cathy Pool is a licensed real estate broker. On January 13, 2009, Cathy Pool represented the purchaser in a commercial contract. The sale closed on March 20, 2009, and Cathy Pool received a check for her sales commission. The check was payable to Cathy Pool Realty, Inc., deposited in the corporate bank account, and not disclosed in Debtors' schedules.

After the Trustee learned of the corporation's existence and the check, he filed the Motion for Turnover of Estate Property on September 15, 2009. Debtors filed Amended Schedules on October 5, 2009, in which they claim their interest in Cathy Pool Realtors, Inc. as exempt property.

## DISCUSSION

The court finds that the sales commission was the result of the personal services performed by Cathy Pool post-petition. Accordingly, the funds are not property of the estate. 11 U.S.C. §541(a)(6). For this reason alone, the court finds that the Motion for Turnover of Estate Property should be denied.

The Court makes no finding on the Debtors' claim of exemption of Cathy Pool Realty, Inc. as a "tool of the trade." That issue was not before the court at the hearing held on December 16, 2009. The court further makes no ruling on the effect of Debtors' failure to disclose the corporation's existence and placement of the funds in a corporate account, on their entitlement to a discharge. That issue was also not before the court at the time of the hearing. Nothing in this order shall be *res judicata* as to either issue.

It is therefore ORDERED that the Trustee's Motion for Turnover of Estate Property is hereby DENIED.

Date: 01/28/2010

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge